

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Case No. 1:18-cv-05035 |
| Plaintiff, | ) ) | Judge: Charles R. Norgle, Sr. |
| v. | ) ) | Magistrate Judge: Jeffrey Cole |
| MATTHEW BRUNSTRUM | ) ) ) |  |
| and | ) ) |  |
| SUSAN BRUNSTRUM, | ) ) ) |  |
| Defendants. | ) ) ) |  |

## JUDGMENT AS TO DEFENDANT MATTHEW C. BRUNSTRUM

The Securities and Exchange Commission having filed a Complaint and Defendant Matthew C. Brunstrum ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact
        or any omission of a material fact necessary in order to make the statements
        made, in light of the circumstances under which they were made, not misleading;
        or

(c)     to engage in any transaction, practice, or course of business which operates or
        would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,
agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable
for disgorgement of $159,904, representing profits gained and losses avoided as a result of the
conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of
$5,394, for a total of $165,298. If Defendant does not contest the forfeiture of money previously
seized by the FBI and U.S. Marshall's Service in action nos. 17MC184 (N.D. Ill), 17MC185
(N.D. Ill), and 17MC190 (N.D. Ill), totaling $158,707, then disgorgement and prejudgment
interest shall be deemed satisfied up to the forfeited amount..

Defendant shall satisfy his remaining disgorgement and prejudgment interest obligation,
after the credit specified above, if any, by making payment to the Securities and Exchange
Commission within fourteen (14) days after entry of this Judgment. Defendant may transmit
payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire

3

instructions upon request.  Payment may also be made directly from a bank account via Pay.gov

through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay

by certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; listing Defendant's name as a defendant in this action; and specifying that payment is

made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Judgment to the United States Treasury.

The Commission may enforce the Court's Judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after fourteen (14) days following entry of this Judgment.  Defendant shall pay

post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].  The

Court shall determine the amounts of the civil penalty upon motion of the Commission.  In

connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _9/13/2018_, _____

_Charles R. Norgle_
UNITED STATES DISTRICT JUDGE